# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| **ROBERT KING and THOMAS SORRELL,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:11-CV-2685-RRA** |
| | ) | |
| **CHRIS HART, individually and in his official capacity as Mayor of the City of Carbon Hill, Alabama, et al.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OF OPINION AND ORDER

### I.      Procedural Background.

This is a civil action filed by Robert King ("King") and Thomas Sorrell ("Sorrell") (collectively, "Plaintiffs") against the defendants Chris Hart, individually and in his official capacity as Mayor of the City of Carbon Hill, Alabama ("Hart"); Polly Haley, individually and in her official capacity as City Clerk, City of Carbon Hill, Alabama ("Haley"); Misty Michelle Harrison, individually and in her official capacity as Jailer for the City of Carbon Hill, Alabama Police Department ("Harrison"); Stephanie Shrader,[1] individually and in her official capacity as a

---

[1] This defendant is incorrectly named in the Complaint.  Her name is Stephanie Schroeder.  The undersigned will hereinafter refer to this defendant as "Schroeder."

Dispatcher and Jailer for the City of Carbon Hill, Alabama Police Department ("Schroeder"); and the City of Carbon Hill, Alabama (the "City") (collectively, the "Defendants").   The Complaint alleges counts of "First Amendment Retaliation" (Count One), Denial of Procedural Due Process (Count Two), and Slander (Count Three). All counts are alleged in shotgun fashion against all Defendants.  All counts arise out of the termination of Plaintiffs' employment with the City.

This case was filed on July 27, 2011.  (Doc. 1).  It was randomly assigned to Magistrate Judge Robert R. Armstrong.  On September 8, 2011, Defendants filed motions to dismiss (docs. 4, 5, 6).[2]  Plaintiffs filed responses (docs. 7 - 14).[3]  The motions were then under submission.

On November 1, 2011, Magistrate Judge Armstrong entered an Order to Amend [Complaint]/Report and Recommendation (the "Order/R&R").  (Doc. 15). In the Order/R&R, Judge Armstrong found that the Complaint failed to allege facts sufficient to plausibly support the Plaintiffs' entitlement to relief as to any Defendant as to any challenged count.  He recommended that Count Two be dismissed as to all Defendants.  He found the Complaint insufficient as to all other counts to the extent

---

[2]  All Defendants other than Hart sought dismissal of all claims against them.  Hart sought dismissal of only Counts Two and Three.

[3]  All of the reponses filed by Plaintiffs were identical except for the titles, and 8-10 and 12-14 were identical even as to the titles.

they were challenged[4] but recommended that those counts not be dismissed.  Instead, he ordered Plaintiffs to amend their Complaint within 11 days of the date of his Order/R&R to cure the deficiencies noted in that Order/R&R.

Plaintiffs objected to the Order/R&R.  (Doc. 16).  Judge Armstrong then entered an Amendment to Report and Recommendation of November 2, 2011 (the "Amendment") (doc. 17).  In the Amendment, he noted that Plaintiffs had objected to his Order/R&R insofar as the Order/R&R found the Complaint to be insufficient, but that Plaintiffs had neither amended their Complaint nor objected to his ordering them to do so.  (*Id*.).  He therefore recommended that "Counts Two and Three [also] be dismissed for the plaintiff's [sic] failure to amend as ordered."  (*Id*.).  Plaintiffs objected to the Amendment.   (Docs. 18, 19).[5]

On January 4, 2012, the motions to dismiss and the Order/R&R and Amendment, but not the case, were randomly referred to the undersigned. (Doc. 20). The motions to dismiss, the Order/R&R and Amendment, and Plaintiffs' objections are now under submission.

---

[4]  That is, all counts as to all Defendants except Count Two as to Hart, which Hart did not seek to have dismissed.

[5]  These objections are identical and were filed within 2 minutes of each other.  Therefore, the court will hereinafter refer only to document 18.  Further, the objections to the Amendment are identical, other than date, to the objections filed as document 16.

## II.    Standards of Review.

### A.    <u>Motions to Dismiss Pursuant to Rule 12(b)(6).</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss all or some of the claims in a complaint on the ground that its allegations fail to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Nor is it proper to assume that the plaintiff can prove facts it has not alleged or that the defendants have violated the law in ways that have not been alleged.  *Twombly*,

550 U.S. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*., 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (emphasis supplied) (quoting *Twombly*, 550 U.S. at 555).

B.    **Review of Magistrate Judge's Report and Recommendation.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district

5

judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).  A district judge must review legal conclusions *de novo*, even in the absence of an objection.  *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994).  That said, the court also acknowledges the principle that "[n]either the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted).  Moreover, absent specific objections, there is no requirement that a district judge review factual findings *de novo*.  *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that when a party "did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings") (emphasis in original) (citations omitted).

III.    **Analysis.**[6]

      A.    **<u>All Counts Are Due To Be Dismissed as to the City.</u>**

            1.    Count One

---

[6] The undersigned assumes the reader's familiarity with the Plaintiffs' factual averments and claims as set out in the Complaint.

Consistent with *de novo* assessment, the undersigned has independently determined that the Plaintiffs should not be allowed to assert any of their claims (Counts One, Two, and Three) against the City.  Specifically, the court adopts the Magistrate Judge's Findings and Conclusions as to all such claims and finds as follows.  Count One is due to be dismissed for Plaintiffs' failure to allege, much less set out facts that would support an allegation, that the alleged First Amendment violation was the result of a specific policy or custom of the City.  Additionally, there is no factual basis to support any claim of protected First Amendment activity by Plaintiff Sorrell.  Therefore, although Plaintiffs argue that their allegations of both being terminated in the same way at the same time show a policy or custom, the undersigned agrees that Plaintiffs have alleged at most, as to Count One, First Amendment retaliation against Plaintiff King only, and that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* [*v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).]."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).

    2.    Count Two

Count Two fails against all Defendants because Plaintiffs, as a matter of law, cannot successfully assert a procedural due process violation under § 1983 because

Alabama law provides a post-termination process sufficient to remedy the pre-termination procedural deficiencies alleged by the Plaintiffs.  *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) ("[A] procedural due process violation is not complete 'unless and until the State fails to provide due process.'  In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.") (internal citation omitted); *Bell v. City of Demopolis, Ala.*, 86 F.3d 191, 192 (11th Cir. 1996) ("Alabama courts, however, ... review employment termination proceedings both to determine whether they are supported by substantial evidence and to see that the proceedings comport with procedural due process.").

### 3.    Count Three

Count Three, like Count One, is due to be dismissed if asserted under § 1983 against the City because there is <u>no</u> factual allegation of a custom or policy of the City.  Alternatively, if this claim against the City is based on Alabama tort law, then, to the extent the claim is based on intentional conduct of City employees, the claim is barred by Alabama law, which limits a city's tort liability to negligence-based claims only.  *Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1213 (M.D. Ala. 2000).  If this claim against the City is based on Alabama tort law and asserts

negligent actions by City employees, the claim is due to be dismissed based on the Plaintiffs' totally conclusory allegations, that is, their failure to set out or otherwise adequately describe any allegedly defamatory statements by any City employee or agent.

    B.    **Count One is Due to Be Dismissed as to All Individual Defendants as to Plaintiff Sorrell.**

Because Sorrell has not even alleged that he engaged in any activity protected by the First Amendment, his claim under Count One is due to be dismissed as to all Defendants. Additionally and alternatively, his claim under Count One is due to be dismissed as to Defendants Haley, Harrison, and Schroeder based on the totally conclusory nature of his allegations in this Count as to them.

    C.    **Count One is Due to Be Dismissed as to All Individual Defendants other than Defendant Hart as to Plaintiff King.**

Because Plaintiff King's allegations in Count One are, as to all individual Defendants other than Defendant Hart, totally conclusory, King's Count One claim is due to be dismissed as to all individual Defendants other than Defendant Hart.

    D.    **Count Two Is Due To Be Dismissed as to All Individual Defendants.**

Count Two is due to be dismissed as to all of the individual Defendants based on the deficiency of the Complaint's factual allegations detailed above at Section III.A.2.

E.    **Count Three is Due to Be Dismissed as to All Individual Defendants.**

Count Three is due to be dismissed as to all of the individual Defendants based on the totally conclusory nature of Plaintiffs' allegations.

## IV.    Conclusion.

Therefore, having carefully considered all the materials in the court file, and after conducting a *de novo* review of the record relating to Plaintiff's objections, the magistrate judge's report as amended is **ADOPTED** and his recommendations are **ACCEPTED**.  Relatedly, Plaintiffs' objections are **OVERRULED**.  All of Plaintiff King's claims (Counts One, Two, and Three) against the City are hereby **DISMISSED WITH PREJUDICE**.  All of Plaintiff Sorrell's claims (Counts One, Two, and Three) against the City are hereby **DISMISSED WITH PREJUDICE**. All of Plaintiff King's claims (Counts One, Two, and Three) against Defendants Haley, Harrison, and Schroeder are hereby **DISMISSED WITH PREJUDICE**.  All of Plaintiff Sorrell's claims (Counts One, Two, and Three) against Defendants Haley, Harrison, and Schroeder are hereby **DISMISSED WITH PREJUDICE**.  Counts Two and Three of Plaintiff King's Complaint against Defendant Hart are hereby **DISMISSED WITH PREJUDICE**.  Counts Two and Three of Plaintiff Sorrell's Complaint against Defendant Hart are hereby **DISMISSED WITH PREJUDICE**. The only claims which remain pending are Plaintiffs King's and Sorrell's claims in

Count One as to Defendant Hart.

The undersigned having ruled on all matters before her, the Clerk of Court is **DIRECTED** to reassign this case back to Magistrate Judge Armstrong for further proceedings in accordance with this Memorandum Opinion and Order.

**DONE** and **ORDERED** this the 23rd day of January, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge